IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| EMPIRIAN HEALTH, LLC, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:23cv591-MHT |
| | ) | (WO) |
| POLARIS PHARMACY SERVICES, LLC, | ) | |
| | ) | |
| | ) | |
|     Defendant. | ) | |

ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal). To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship. *See McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).* The

---

    * In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

allegations must show that the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332.

The removal notice is insufficient because it does not properly indicate the citizenship of either plaintiff Empirian Health, LLC or defendant Polaris Pharmacy Services, LLC, both of which are alleged to be limited liability companies.  "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen."  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The notice must therefore "list the citizenships of all the members of the limited liability company."  *Id*. If the LLC consists of several entities, the complaint must properly allege the citizenship, or citizenships, of each and every entity based on the nature of that entity.  And if the LLC (or one of its members) has members who are individuals, the complaint must

2

properly allege the citizenship, not merely the residence, of those individuals, as an allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir.), *cert. denied*, 404 U.S. 995 (1971).

\*\*\*

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the removing defendant has until November 2, 2023, to amend the notice of removal to allege jurisdiction sufficiently, *see* 28 U.S.C. § 1653; otherwise, this lawsuit shall be remanded to state court.

DONE, this the 19th day of October, 2023.

    /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**